UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MARJORIE A. CREAMER, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. 19-cv-2044-CM-TJJ |
| | ) |
| WASHBURN LAW SCHOOL, et al., | ) |
| | ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION**

Pro se Plaintiff Marjorie A. Creamer brings this case against Washburn Law School, John Bird, Shannon McDowell, Chantz Martin, Brian Jacques, Glenn Braun, and Greg Schwartz. Plaintiff was granted leave to proceed with this case without prepayment of fees, i.e. *in forma pauperis*, pursuant to 28 U.S.C. § 1915.[1]

When a party is granted leave to proceed in forma pauperis, § 1915(e)(2) requires the court to screen the party's complaint. The court must dismiss the case if the court determines the action (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief from a defendant who is immune from suit.[2] The purpose of § 1915(e)(2) is to "discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11."[3]

In determining whether dismissal is appropriate under § 1915(e)(2)(B), a plaintiff's

---

[1] ECF No. 7.

[2] 28 U.S.C. § 1915(e)(2)(B).

[3] *Trujillo v. Williams*, 465 F.3d 1210, 1216 (10th Cir. 2006) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).

complaint is analyzed by the court under the same sufficiency standard as a Rule 12(b)(6) motion to dismiss.[4] Dismissal of a pro se complaint for failure to state a claim is proper only "where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."[5] In determining whether dismissal is proper, the court "must accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff."[6]

In making this analysis, the court must liberally construe the pleadings and hold them to a less stringent standard than formal pleadings drafted by attorneys.[7] Liberally construing a pro se plaintiff's complaint means that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."[8] This does not mean, however, that the court must become an advocate for the pro se plaintiff.[9] *Sua sponte* dismissal under § 1915(e)(2) is also proper when the complaint clearly appears frivolous or malicious on its face.[10]

---

[4] *Kay v. Bemis*, 500 F.3d 1214, 1217–18 (10th Cir. 2007).

[5] *Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002).

[6] *Id.*

[7] *Johnson v. Johnson*, 466 F.3d 1213, 1214 (10th Cir. 2006).

[8] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[9] *Lyons v. Kyner*, 367 F. App'x. 878, 881 (10th Cir. 2010).

[10] *Hall*, 935 F.2d at 1108.

This is not the first case Plaintiff has filed in this Court. She has, in fact, filed numerous cases, one of which is still pending.[11] Plaintiff filed this case on January 24, 2019.[12] She filed an Amended Complaint on January 27, 2019.[13]

Her original and amended complaints are difficult to understand, and it is unclear what claims Plaintiff is attempting to bring. Her original complaint cites no basis for jurisdiction in this Court.[14] On her civil cover sheet, Plaintiff indicates the nature of her suit is contract, assault, libel and slander, other personal injury, and the racketeering and corrupt organizations statute.[15] She also indicates a violation of the U.S. Constitution and conspiracy.[16] And, she appears to attempt to remove two criminal cases from Ellis County, Kansas.[17]

Plaintiff includes apparent references to other cases, including her other pending case in this Court, but it is unclear what if any relevance those cases have on this case.[18] She seems to allege that she divorced the father of her child, who then "kidnapped [her] son Zachary," but her ex-husband is not named as a defendant.[19] She writes "John Bird" with a line to "Trego County District Court Wakeeny Kansas,"[20] but it is unclear what connection between the two she is trying to make or how it is relevant to her claims.

---

[11] *See Creamer v. Gildemeister et al.*, Case No. 15-cv-4871-KHV-TJJ.

[12] ECF No. 1.

[13] ECF No. 4.

[14] ECF No. 1 at 2, 10.

[15] ECF No. 2.

[16] *Id.*

[17] *Id.*

[18] ECF No. 1 at 3.

[19] *Id.*

[20] *Id.*

3

She cites a Tenth Circuit case[21] in which she was a plaintiff alleging sexual harassment against her employer.[22] She indicates it is "false case law" but again makes no connection between that case and her current claims.[23] She mentions the name "Howard Leroy Ellis" several times, but it is unclear who he is or what connection he has to this case.[24] She includes various allegations such as "property fraud" and "breach of contract," but it is unclear against whom these allegations are made or on what facts they are based.[25]

The closest statement to a factual allegation Plaintiff makes in her original complaint appears to be that Defendants Glenn Braun and Greg Schwartz conspired "to abide intentionally to deny due process of law, call Creamer incompetent."[26] She also cites two Ellis County cases. But there is still no factual basis for these allegations and no further information into the circumstances, such as what specific actions each defendant took, when, what harm to Plaintiff resulted, or why Plaintiff is entitled to relief.

In her amended complaint, Plaintiff's statements are similarly hard to understand. She writes Defendant Brian Jacques filed "incompetent papers in order to pull off property fraud," seemingly related to Howard Leroy Ellis's estate.[27] She includes a letter dated September 19, 2014 from Defendant McDowell to Defendant Jacques regarding the estate of Howard L. Ellis and referencing Plaintiff as Defendant Jacques's client.[28] Someone, presumably Plaintiff, has

---

[21] *Creamer v. Laidlaw Transit, Inc.*, 86 F.3d 167 (10th Cir. 1996).

[22] ECF No. 1 at 5.

[23] *Id.*

[24] *See, e.g.*, *id.* at 4, 6, 7.

[25] *Id.* at 7–8.

[26] *Id.* at 9.

[27] ECF No. 4 at 1.

[28] *Id.*

handwritten indecipherable notes including, "Why an order not to go home, padlock by Charles Ellis client of Shannon McDowell July 11, 2013" and again writing "property fraud."[29]

Plaintiff does make some specific allegations through an apparent email she wrote to Sam Brownback, former Kansas governor, on January 27, 2019, the same day she filed her Amended Complaint. She says Defendant Bird helped her ex-husband divorce her in 1976–78 and filed the action in Trego County instead of Ellis County where they lived.[30] She says Defendant Martin read the will of Howard Leroy Ellis and told Plaintiff he would represent her but "did not show in court after he talked to Shannon McDowell."[31] She accuses Defendants McDowell and Jacques of property fraud and breach of contract, presumably for filing "commitment papers on [Plaintiff]" in 1981.[32] She fails to provide any further factual support for her allegations, state under what authority she brings her claims, or provide support for bringing claims that are seemingly around 40 years old.

Construing the allegations in Plaintiff's complaint liberally and in the light most favorable to Plaintiff, the Court finds that Plaintiff has failed to state a claim upon which relief may be granted. Plaintiff has already filed an Amended Complaint that also fails to state a claim upon which relief may be granted, so it appears it would be futile to allow Plaintiff to amend her complaint again.

Accordingly, the undersigned U.S. Magistrate Judge recommends that Plaintiff's complaint and this case be **DISMISSED** for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[29] *Id.*

[30] *Id.* at 3.

[31] *Id.* at 3–4.

[32] *Id.* at 4.

## NOTICE OF RIGHT TO FILE OBJECTIONS

Plaintiff is hereby informed that, within 14 days after being served with a copy of this Report and Recommendation, she may, pursuant to 28 U.S.C. § 636(b)(1) and Fed R. Civ. P. 72, file written objections to the Report and Recommendation.  Plaintiff must file any objections within the 14-day period allowed if he wants to have appellate review of the recommended disposition.  If Plaintiff does not timely file her objections, no court will allow appellate review.

A copy of this Report and Recommendation shall be mailed to Plaintiff by certified mail.

IT IS SO ORDERED.

Dated April 24, 2019, at Kansas City, Kansas.

*s/ Teresa J. James*
Teresa J. James
United States Magistrate Judge