**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **MARJORIE A. CREAMER,**<br><br>**Plaintiff,**<br><br>v.<br><br>**WASHBURN LAW SCHOOL, et al.,**<br><br>**Defendant.** | Case No. 19-2044-CM-TJJ |

**MEMORANDUM AND ORDER**

This matter comes before the court on pro se plaintiff Marjorie A. Creamer's Motion for Reconsideration (Doc. 14) and Second Motion for Reconsideration (Doc. 15). On June 27, 2019, this court adopted United States Magistrate Judge Teresa J. James's Report and Recommendation and dismissed plaintiff's complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Since then, plaintiff has filed two motions for reconsideration—one on July 1, 2019, and the other on August 2, 2019.

District of Kansas Local Rule 7.3 provides that "parties seeking reconsideration of dispositive orders or judgments must file a motion pursuant to Fed. R. Civ. P. 59(e) or 60." D. Kan. Rule 7.3. A motion for reconsideration may be construed as a motion to alter or amend the judgment under Rule 59(e) if filed within 28 days after the entry of judgment. *See Price v. Philpot*, 420 F.3d 1158, 1167 n.9 (10th Cir. 2005). Relief under Rule 59(e) is available only if a party can establish (1) there is an intervening change in controlling law, (2) there is new evidence that was previously unavailable, or (3) there is a need to correct clear error or prevent manifest injustice. *See Hayes Family Trust v. State Farm Fire & Cas. Co.*, 845 F.3d 997, 1004 (10th Cir. 2017). A motion to alter or amend judgment is appropriate where the "court has misapprehended the facts, a party's position, or the controlling law."

*Servants of Paraclete v. Does*, 204 F. 3d 1005, 1012 (10th Cir. 2000). It should not be used to "revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*

A motion for reconsideration filed more than 28 days after the entry of judgment may be construed as motion brought under Rule 60 of the Federal Rules of Civil Procedure. Under Rule 60(b), a court has the discretion to "relieve a party or its legal representative from a final judgment, order, or proceeding . . . ." Relief under Rule 60(b) is "extraordinary and may only be granted in exceptional circumstances." *Servants of Paraclete*, 204 F.3d at 1009. These "exceptional circumstances" are specifically enumerated in Rule 60(b):

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

A Rule 60(b) motion is "not the opportunity for the court to revisit the issues already addressed in the underlying order or to consider arguments and facts that were available for presentation in the underlying proceedings." *Nutter v. Wefald*, 885 F. Supp. 1445, 1450 (D. Kan. 1995) (citing *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991)).

Much like the rest of her filings, plaintiff's motions are illegible and difficult to comprehend. She refers to past civil and criminal cases, but it is unclear what relevance these references have to the present litigation. Because the court is unable to liberally interpret plaintiff's motions, the court cannot provide plaintiff any relief. She has not offered the court any legal basis under Rule 59(e) or Rule 60 for reconsidering its order adopting Judge James's Report and Recommendation and dismissing plaintiff's complaint.

**IT IS THEREFORE ORDERED** that plaintiff's Motion for Reconsideration (Doc. 14) and Second Motion for Reconsideration (Doc. 15) are denied.

Dated August 7, 2019, at Kansas City, Kansas.

                                              s/ Carlos Murguia
                                              **CARLOS MURGUIA**
                                              **United States District Judge**